IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **NUFARM AMERICAS INC.**, an Illinois corporation,<br><br>   Plaintiff,<br><br>  v.<br><br>**DELTA RIDGE HOLDINGS, LLC**, an Oregon limited liability company; and **BRIAN JONES**,<br><br>   Defendants. | Case No. 22-cv-581-HL<br><br>**ORDER** |

**Michael H. Simon, District Judge.**

  Plaintiff Nufarm Americas Inc. sued Delta Ridge Holdings, LLC (Delta) and Brian Jones (collectively, Defendants). Plaintiff asserted a claim for breach of contract against Delta, an alternative claim for unjust enrichment against Delta, and a claim for breach of a personal guaranty (Guaranty) against Jones. United States Magistrate Judge Andrew Hallman issued Findings and Recommendation in this case on September 12, 2023. Judge Hallman recommended that this Court grant Plaintiff Nufarm Americas Inc.'s motion for summary judgment and enter judgment in favor of Plaintiff and against Defendants on the breach of contract and breach of guaranty claims in the amount of $909,367.90. Because Judge Hallman found that Plaintiff was entitled to summary judgment on the breach of contract and breach of guaranty claims, he did not reach Plaintiff's alternative claim for unjust enrichment. Neither party objected to Judge Hallman's Findings and Recommendation. The Court, finding no clear error on the face of the record, adopted Judge Hallman's Findings and Recommendation, granted

PAGE 1 – ORDER

summary judgment to Plaintiff, and entered judgment against Defendants in the amount of $909,367.90.

Plaintiff now moves the Court for an order granting an award of attorney's fees and costs against Jones pursuant to the Guaranty that Jones executed in favor of Plaintiff. The Guaranty includes the following provision:

> **Expenses.** Guarantor shall pay to Nufarm, on demand, the amount of any and all reasonable expenses, including, without limitation, attorneys' fees, which Nufarm may incur in connection with exercise or enforcement of any the rights, remedies, or powers of Nufarm hereunder or with respect to any or all of the Obligations.

Crawford Decl. Ex. 2 (Guaranty) ¶ 8.2 (ECF 31-1 at 4). Plaintiff moves for attorney's fees and costs, requesting attorney's fees totaling $27,122.75 and costs totaling $1,048.99, for a total sum of $28,171.74. Defendants did not respond or object to Plaintiff's motion.

## A. Applicable Law

The Guaranty contains a governing law provision that specifies that the agreement "shall be governed by, and construed in accordance with, the laws of the State of Illinois without regard to any conflict of laws principles." *Id.* ¶ 8.7. This statement unambiguously expresses the parties' intent that Illinois law should control the Court's determinations related to the Guaranty. Additionally, in his Findings and Recommendation, Judge Hallman applied Illinois law in his evaluation of the Guaranty, and neither party objected to this application. Thus, the Court applies Illinois law in its evaluation of Plaintiff's motion.

"In an action where a federal district court exercises subject matter jurisdiction over a state law claim, so long as state law does not contradict a valid federal statute, state law denying the right to attorney's fees or giving a right thereto, which reflects a substantial policy of the state, should be followed." *Avery v. First Resol. Mgmt. Corp.*, 568 F.3d 1018, 1023 (9th Cir. 2009) (citation and quotation marks omitted); *see also Dobbs v. DePuy Orthopedics, Inc.*,

PAGE 2 – ORDER

842 F.3d 1045, 1048 (7th Cir. 2016) (applying state law to determine whether the district court's award of attorney's fees in diversity case was reasonable). Under Illinois law, "[w]here attorney's fees are authorized by contract, a court may properly award them according to the specific language of the contract." *Ferrara v. Collins*, 119 Ill. App. 3d 819, 825 (1983). "A guaranty is a contract and is thus interpreted according to the principles that govern the interpretation of contracts in general." *McHenry Sav. Bank v. Autoworks of Wauconda, Inc.*, 399 Ill. App. 3d 104, 111 (2010). "Contractual provisions for an award of attorney fees must be strictly construed, and the court must determine the intention of the parties regarding the payment of fees." *J.B. Esker & Sons, Inc. v. Cle-Pa's P'ship*, 325 Ill. App. 3d 276, 281 (2001). "Whether and in what amount a trial court will award attorney fees is a matter committed to the trial court's sound discretion[.]" *McHenry Sav. Bank*, 399 Ill. App. 3d at 113 (citing *Mountbatten Sur. Co. v. Szabo Contracting, Inc.,* 349 Ill. App. 3d 857 (2004)).

An award for attorney's fees may consist only of "reasonable charges for reasonable services." *Id*. "To help the trial court in assessing whether an attorney's fees are reasonable, 'the petitioner must provide sufficient information, including detailed time records that were kept throughout the proceeding.'" *McNiff v. Mazda Motor of Am., Inc.*, 384 Ill. App. 3d 401, 407 (2008) (quoting *Richardson v. Haddon*, 375 Ill. App. 3d 312, 314 (2007)). "The records submitted to the court should be scrutinized for their reasonableness in the context of the case." *Richardson*, 375 Ill. App. 3d at 314. When making its reasonableness assessment,

> the trial court may consider a number of factors, including the nature of the case, the novelty and difficulty of the case, the skill and standing of the attorneys, the degree of responsibility required, the usual and customary charges in the community for similar work, and the connection between the case and the fees charged.

*Id.* at 314-15. "The trial court may and should rely on its own knowledge and experience when determining the reasonableness of the fees sought." *McHenry Sav. Bank*, 399 Ill. App. 3d at 113.

PAGE 3 – ORDER

"When a trial court reduces the amount of fees requested in a fee petition," however, "it should include in its ruling the reasons supporting each reduction." *Id.*

The preferred method of calculating reasonable attorney's fees is the "lodestar" method. *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 551-52 (2010); *see also Bennett v. Cent. Tel. Co. of Ill.*, 619 F. Supp. 640, 653 (N.D. Ill. 1985) (stating that "the lodestar concept represents a sound methodology for determining a reasonable fee"). The lodestar amount is the product of the number of hours reasonably spent on the litigation multiplied by a reasonable hourly rate. *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009). In determining the number of hours reasonably spent, "the district court should exclude hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown*, 565 F.3d at 1102 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). The district court may determine, in one of two ways, whether hours are excessive, redundant, or otherwise unnecessary, and thus excludable. The court may conduct an hour-by-hour analysis of the fee request. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203 (9th Cir. 2013). Alternatively, "when faced with a massive fee application the district court has the authority to make across-the-board percentage cuts either in the number of hours claimed or in the final lodestar figure." *Id.* (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1399 (9th Cir. 1992)).

After determining the number of hours reasonably spent, the district court then calculates the reasonable hourly rates for the attorneys and paralegals whose work comprises the reasonable number of hours. This calculation yields the lodestar amount. There is a strong presumption that the fee arrived at through the lodestar calculation is a reasonable fee. *Perdue*, 559 U.S. at 552.

**B. Analysis**

As noted, the Guaranty provides that Plaintiff is entitled to "any and all reasonable expenses" incurred "in connection with exercise or enforcement of any the rights, remedies, or

PAGE 4 – ORDER

powers of Nufarm hereunder or with respect to any or all of the Obligations." This provision indicates that the parties' agreement intended an expansive reading of the term "expenses," which is defined specifically to include attorney's fees. "Expenses," as used in the Guaranty, is limited only in that the expenses (1) must be incurred in connection with Plaintiff's enforcement of its rights under the Guaranty and (2) must be reasonable. The Guaranty's expenses provision thus indicates the parties intended to award to Plaintiff expenses in substantially the same manner as the standard for attorney's fee awards under Illinois law.

1. **Hourly Rate**

Plaintiff's counsel requests the following rates for their legal services: attorney Troy Sexton at between $350 and $415 per hour; attorney Sean Glinka at $375 per hour; attorney Ryan Ripp at between $265 and $295 per hour; paralegal Sharon Kuger at $175 per hour; paralegal Paige Zimmerman at $175 per hour; and paralegal Terry Coble at $175 per hour.

"Generally, when determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzalez*, 729 F.3d at 1205 (quoting *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010)); *accord Richardson*, 375 Ill. App .3d at 315 (directing courts to consider the "usual and customary charges in the community for similar work" when assessing the reasonableness of fees). Within this specific geographic community, the district court should consider the experience, skill, and reputation of the attorneys or paralegals involved. *Gonzalez*, 792 F.3d at 1206.

The Court finds that Plaintiff's hourly rates are reasonable based on a review of the Oregon State Bar 2022 Economic Survey.[1] Mr. Sexton's low-end rate of $350 per hour is below

---

[1] Oregon State Bar 2022 Economic Survey, Table 36: 2021 Hourly Billing Rate by Total Years Admitted to Practice – Private Practice (Mar. 2023), https://www.osbar.org/_docs/resources/Econsurveys/22EconomicSurvey.pdf

PAGE 5 – ORDER

the mean ($379) and median ($370) hourly rates for similarly situated attorneys working in downtown Portland with 12 years' experience; his high-end rate of $415 per hour is above the mean and median rates, but below the 95th percentile ($567). Mr. Glinka's rate of $375 per hour is $25 less than the median rate for similarly situated attorneys who have practiced for 15 years. Mr. Ripp's high-end hourly rate of $295 is less than the median ($300) rate for similarly situated attorneys with three years' experience.

"In assessing claims for paralegal fees, courts within this District have noted that 'a reasonable hourly rate for a paralegal should not exceed that of a first year associate.'" *Smeenk v. Faught*, 2019 WL 3325962, at *2 (D. Or. July 24, 2019) (quoting *Precision Seed Cleaners v. Country Mut. Ins. Co.*, 976 F. Supp. 2d 1228, 1248 (D. Or. 2013)). Courts then "look closely at the educational and occupational background of the paralegal in question when crafting a reasonable rate." *Id.* Courts in this District have accepted $175 per hour as a reasonable rate for paralegals. *See, e.g.*, *G&G Closed Cir. Events, LLC v. Rojas*, 2021 WL 1342742, at *1 (D. Or. Apr. 9, 2021); *Goldingay v. Progressive Cas. Ins. Co.*, 2019 WL 852992, at *6 (D. Or. Feb. 22, 2019). The Court has considered the experience of the paralegals and concludes that $175 per hour is reasonable.

    2. **Number of Hours**

        a. **Block-Billing**

The District of Oregon specifically cautions against both block-billing and providing vague or otherwise inadequate descriptions of tasks because these practices hinder a court's ability to assess the reasonableness of the time expended. *See* U.S. District Court, District of

PAGE 6 – ORDER

Oregon, Message from the Court Regarding Attorney Fee Petitions.[2] This Court has noted that it "may excuse this method when the billing period is no more than three hours." *Updike v. Multnomah County*, 2020 WL 4736461, at *2 (D. Or. Aug. 14, 2020) (quoting *Noel v. Hall*, 2013 WL 5376542, at *6 (D. Or. Sept. 24, 2013)); *cf. Lyon v. Chase Bank USA, N.A.*, 656 F.3d 877, 892 (9th Cir. 2011). For block-billing periods more than three hours, however, the Court has reduced each applicable entry by 50 percent. *See, e.g.*, *Fathers & Daughters Nev., LLC v. Lingfu Zhang*, 2018 WL 3023089, at *5 (D. Or. June 18, 2018).

Nearly all of Plaintiff's time entries are block-billed. This hinders the Court's ability to assess the reasonableness of the time spent on each task billed. Plaintiff's block-billed entries also contravene the advice promulgated by the District of Oregon. Plaintiff's saving grace, in this respect, is that most of Plaintiff's entries are for periods less than three hours. Mr. Ripp submits two block-billed time entries exceeding three hours, one for November 29, 2022, and the other for December 2, 2022. The Court reduces each of these two entries by 50 percent, thereby reducing Plaintiff's fee award by $1,020.25.

### b. Clerical and Administrative Tasks

Attorney's fees, including work performed by paralegals and law clerks, may not be recovered for tasks that are clerical in nature. *See Missouri v. Jenkins ex rel. Agyei*, 491 U.S. 274, 288 n.10 (1989). "Courts consider tasks to be clerical, and thus not compensable in an attorney fee award, if they involve 'filing motions with the court, filling out and printing documents, preparing affidavits and drafting certificates of service, organizing files, calendaring dates, rescheduling depositions, and sending documents.'" *Goldingay*, 2019 WL 852992, at *7 (quoting

---

[2] https://ord.uscourts.gov/index.php/rules-orders-and-notices/notices/fee-petitions (last updated Mar. 2, 2017).

*Sterling Sav. Bank v. Sequoia Crossing, LLC*, 2010 WL 3210855, at *7 (D. Or. Aug. 11, 2010)). Courts have found the guiding principle regarding the unavailability of attorney's fees for clerical tasks relevant to "the degree of responsibility required" factor for determining an award's reasonableness under Illinois law, because clerical work "does not require a significant amount of responsibility." *PNC Bank, Nat'l Ass'n v. Innovative Dental Grp., LLC II*, 2017 WL 2345626, at *4 (N.D. Ill. May 30, 2017).

There are time entries for which Plaintiff has billed for "purely" clerical tasks, *i.e.*, the only task or tasks performed were clerical in nature. The Court finds the following billing entries, each entered by Ms. Kuger, to be purely clerical: January 26, 2023 ("File motion for extending deadlines"); January 27, 2023 ("Finalize notice of deposition; email to opposing counsel (.3); docket deposition date (.1); email request to Veritext for court report [sic] and video conferencing (.1)"); February 9, 2023 ("Docket discovery deadlines."); and February 28, 2023 ("Upload transcript and exhibits to file."). One other entry, entered by Ms. Zimmerman on September 5, 2023 ("Proofread and serve [Local Rule] 83 letter to court.") is similarly purely clerical. The Court reduces Plaintiff's award by $315, the amount related to the above-identified purely clerical tasks.

### c. "No Charge" Entries

There are several instances in which Plaintiff seeks compensation for entries that contain the phrase "No charge" within the billing narrative. Again, because of the block-billed format of Plaintiff's time records, it is unclear to the Court whether the timekeeper intended to refrain from billing the entire block-billed entry, or intended only to "no-charge" for discrete tasks within that entry. The phrase "no charge" appears in four of Mr. Sexton's entries: May 6, 2022; January 13, 2023; February 8, 2023; and February 22, 2023. Each entry refers to communication with the client. Because it is unclear whether Plaintiff intended these entries to be compensable, the Court

PAGE 8 – ORDER

finds it reasonable to exclude these entries from Plaintiff's attorney's fees award. The Court reduces Plaintiff's award by $403, the amount related to the above-identified entries containing the phrase "no charge."

### 3. Reasonableness Factors

Absent objections from Defendants, the Court evaluates Plaintiff's remaining requested fees considering the reasonableness factors identified under Illinois law. The Court finds that the requested fees are reasonable. After omitting the hours found to be non-compensable as described herein, Plaintiff's skilled attorneys and legal staff spent a combined 78.8 hours of compensable time litigating this case from start to finish. Plaintiff's attorneys efficiently and effectively proved Plaintiff's claims at summary judgment and spent a reasonable number of hours at reasonable rates to achieve this excellent result. The Court awards Plaintiff attorney's fees in the amount of $25,384.50.

### 4. Costs

As noted, the Guaranty provides that Plaintiff may collect any and all reasonable expenses incurred in its enforcement of the Guaranty. Plaintiff requests an award totaling $1,048.99 for Plaintiff's costs, including court filing fees, the fee for an exemplified copy of the Court's judgment, court reporter and deposition transcript fees, Westlaw legal research and asset search fees, and postage.

"Costs are allowances in the nature of incidental damages awarded by law to reimburse the prevailing party . . . for the expenses necessarily incurred in the assertion of his rights in court." *Vicencio v. Lincoln-Way Builders, Inc.*, 204 Ill. 2d 295, 301 (2003). Using this definition, Court has no trouble determining that the Guaranty's use of the phrase "any and all reasonable expenses" encompasses the "costs" claimed by Plaintiff. *See, e.g.*, *J.B. Esker & Sons*, 325 Ill. App. 3d at 285-86 (interpreting the term "expenses" in a contract provision by looking to various

sources that define "expenses" to include court-reporter fees, document reproduction fees, and postage). The costs claimed by Plaintiff are expenses reasonably incurred in connection with this litigation, and are not excessive in the context of the case and the result achieved. The Court awards Plaintiff reasonable costs in an amount of $1,048.99.

**C.  Conclusion**

The Court GRANTS IN PART Plaintiff's Motion for Attorney's Fees, ECF 39. The Court awards Plaintiff attorney's fees in the amount of $25,384.50 and costs in the amount of $1,048.99, for a total award of $26,433.49.

**IT IS SO ORDERED.**

DATED this 4th day of January, 2024.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge